**FILED**

Jul 08 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/ danielles          DEPUTY

1  David W. Osborne, Esq.
   LAW OFFICES OF DAVID W. OSBORNE
2  4050 Airport Centre Drive, Suite H
   Palm Springs, California 92264-1216
3  Telephone:   (760) 808-3322
   Facsimile:   (760) 808-3323
4  E-mail:      DesertDaveEsq@aol.com
   California Bar No.: 162585
5
   Attorney for Plaintiff, TIM TADASHI NAKAMURA
6

NUNC PRO TUNC

7/6/2015

7

8

9              UNITED STATES DISTRICT COURT

10             SOUTHERN DISTRICT OF CALIFORNIA

11

12  TIM TADASHI NAKAMURA, an individual;     **Case No.: 3:15-CV-1200-H-WVG**

13              Plaintiff,                    **PLAINTIFF'S RESPONSE TO
                                             DEFENDANTS' MOTION TO STRIKE
14  vs.                                      PORTIONS OF THE COMPLAINT;
                                             DECLARATION OF DAVID W.
15  VICTOR JAIME, an individual; IMPERIAL    OSBORNE
    VALLEY COLLEGE; IMPERIAL
16  COMMUNITY COLLEGE DISTRICT; and
    DOES 1 through 20, inclusive,            HON. MARILYN L. HUFF
17
                Defendants.
18

19

20        Plaintiff TIM TADASHI NAKAMURA by and through his counsel, David W.

21  Osborne, respectfully submits the following declaration and attached exhibit in

22  response to Defendants' Motion to Strike portions of Plaintiff's Complaint originally

23  set for hearing on July 20, 2015:

24        I, DAVID W. OSBORNE, HEREBY DECLARE AS FOLLOWS:

25        1.    I am an attorney at law, duly licensed to practice in all Courts of the

26  State of California and the United States Central District of California, and am the

27  attorney of record for Plaintiff TIM TADASHI NAKAMURA in this matter.  I have
28

1   personal knowledge of the following facts, and if sworn to testify, could and would

2   competently testify thereto.

3       2.      I received Defendants' Motion to Strike in this action by mail on or

4   about **June 8, 2015**.

5       3.      After reviewing Defendants' Motion to Strike, I spoke with

6

7   Defendants' counsel, David G. Torres-Siegrist, Esq., on **June 22, 2015** and

8   advised that Plaintiff would be amending his Complaint.  Defendants' counsel was

9   amendable to that and asked that I forward it to his office after it was completed.

10      4.      On **June 29, 2015**, I spoke with Defendants' counsel, Mr. Torres-

11  Siegrist, again and indicated that the First-Amended Complaint was finished and

12  would be reviewed by my client that afternoon.   I also stated I would send it to him

13  the following day via e-mail.

14

15      5.      During that same conversation, we also discussed filing a Stipulation

16  with this court to both Amend Plaintiff's Complaint as well as to Remand the case

17  back to the Imperial County Superior Court.

18      6.      On **June 30, 2015**, I e-mailed Defendants' counsel the discussed

19  Stipulation and proposed First-Amended Complaint for Damages.

20

21      7.      Both of these documents are attached hereto as **Exhibit "1"**.

22      8.      The First-Amended Complaint for Damages addresses each of the

23  issues raised in Defendants' Motion.  Plaintiff has also removed the basis of any

24  Federal Question jurisdiction in his First-Amended Complaint as discussed with

25  Defendants' counsel on **June 29, 2015**.

26      I declare under penalty of perjury under the laws of the United States that

27  the foregoing is true and correct.

28

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE COMPLAINT;
DECLARATION OF DAVID W. OSBORNE

1 | Executed this 3rd day of June, 2015 at Palm Springs, California.

2

3

4 | DAVID W. OSBORNE, Declarant

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "1"

1   MARTIN L. CARPENTER, Esq. (State Bar No. 70393)
    DAVID G. TORRES-SIEGRIST, Esq. (State Bar No. 220187)
2   CARPENTER, ROTHANS & DUMONT
    888 S. Figueroa Street, Suite 1960
3   Los Angeles, California 90017
    Telephone:  (213) 228-0400
4   Facsimile:    (213) 228-0401
    mcarpenter@crdlaw.com; dgts@crdlaw.com
5
    Attorneys for Defendants, IMPERIAL VALLEY COMMUNITY COLLEGE
6   DISTRICT, a public entity, also erroneously sued as IMPERIAL VALLEY
    COLLEGE, and DR. VICTOR JAIME, a public employee
7

8

9                    UNITED STATES DISTRICT COURT

10               SOUTHERN DISTRICT OF CALIFORNIA

11
    TIM TADASHI NAKAMURA, an individual;     **Case No.: 3:15-CV-1200-H-WVG**
12
              Plaintiff,
13                                           **STIPULATION AND [PROPOSED]**
    vs.                                      **ORDER:**
14                                              **a) ALLOWING PLAINTIFF TO FILE**
    VICTOR JAIME, an individual; IMPERIAL       **A FIRST-AMENDED COMPLAINT**
15  VALLEY COLLEGE; IMPERIAL                     **FOR DAMAGES; and**
    COMMUNITY COLLEGE DISTRICT; and          **b) REMANDING ACTION BACK TO**
16  DOES 1 through 20, inclusive,               **THE IMPERIAL COUNTY**
                                                **SUPERIOR COURT**
17            Defendants.

18

19        **WHEREAS** on April 13, 2015, Plaintiff, TIM TADASHI NAKAMURA

20  ("Plaintiff") filed his Complaint for Racial Harassment / Discrimination / Hostile

21  Work Environment, etc. with the Imperial County Superior Court against VICTOR

22  JAIME, IMPERIAL VALLEY COLLEGE; and IMPERIAL COMMUNITY COLLEGE

23  DISTRICT ("Defendants").

24        **WHEREAS** on May 29, 2015, Defendants filed a Notice of Removal of

25  Action concerning Plaintiff's Complaint with the present court.

26        **WHEREAS** on June 5, 2015, Defendants filed a Motion to Strike relating to

27
28  portions of Plaintiff's Complaint.

**WHEREAS** on reviewing Defendants' Motion to Strike, Plaintiff seeks to file his First-Amended Complaint for Damages which addresses each of the issues raised in Defendants' Motion. Plaintiff has also removed the basis of any Federal Question jurisdiction in his First-Amended Complaint.

**WHEREAS** a copy of Plaintiff's proposed First-Amended Complaint for Damages is attached hereto as **Exhibit "A"**.

**IT IS HEREBY STIPULATED**, by and between Plaintiff and Defendants, by and through their respective counsel that:

1.      Plaintiff should be granted leave to amend to file his First-Amended Complaint for Damages, a copy of which is attached hereto as **Exhibit "A"** and that Defendants' responsive pleading shall be due thirty (30) days after the First-Amended Complaint for Damages is filed.

2.      The action should be remanded back to the Imperial County Superior Court for all further proceedings.

DATED: June _____, 2015          CARPENTER, ROTHANS & DUMONT



MARTIN L. CARPENTER,
DAVID G. TORRES-SIEGRIST,
Attorneys for Defendants,
IMPERIAL VALLEY COMMUNITY COLLEGE
DISTRICT and DR. VICTOR JAIME

DATED: June 30, 2015          LAW OFFICES OF DAVID W. OSBORNE



DAVID W. OSBORNE
Attorney for Plaintiff
TIM TADASHI NAKAMURA

## ORDER

The Court having reviewed the foregoing Stipulation, and good cause appearing therefore:

**IT IS HEREBY ORDERED** that Plaintiff TIM TADASHI NAKAMURA is granted leave to amend to file his First-Amended Complaint for Damages, a copy of which is attached hereto as **Exhibit "A"**.

**IT IS ALSO ORDERED** that Defendants' responsive pleading shall be due thirty (30) days after the First-Amended Complaint for Damages is filed.

**IT IS FURTHER ORDERED** that the First-Amended Complaint for Damages is deemed filed as of the date this Order is transmitted via the CM/ECF system.

**IT IS FURTHER ORDERED** that the Court's OSC Re: Federal Question Jurisdiction and Defendants' Motion to Strike are hereby vacated.

**IT IS LASTLY ORDERED** that this action shall be **REMANDED** back to the Imperial County Superior Court for all further proceedings.

**IT IS SO ORDERED.**

DATED: _____

                                        _____
                                        HONORABLE MARILYN L. HUFF
                                        UNITED STATES DISTRICT JUDGE

# EXHIBIT "A"

## PLAINTIFF'S

## FIRST-AMENDED

## COMPLAINT

David W. Osborne, Esq.
LAW OFFICES OF DAVID W. OSBORNE
4050 Airport Centre Drive, Suite H
Palm Springs, CA 92264-1216
Telephone:   (760) 808-3322
Facsimile:    (760) 808-3323
E-mail: DesertDaveEsq@aol.com
Attorney Bar No.: 162585

Attorney for Plaintiff, TIM TADASHI NAKAMURA

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF IMPERIAL – EL CENTRO COURTHOUSE

| | |
|---|---|
| TIM TADASHI NAKAMURA, an individual; | CASE NO.: ECU08670 |
| Plaintiff, | ASSIGNED FOR ALL PURPOSES TO: JUDGE: JEFFREY B. JONES DEPT.: "7" |
| vs. | |
| VICTOR JAIME, an individual; IMPERIAL VALLEY COLLEGE; IMPERIAL COMMUNITY COLLEGE DISTRICT; and DOES 1 through 20, inclusive, | **FIRST-AMENDED COMPLAINT FOR DAMAGES:** |
| Defendants. | **1. RACIAL HARASSMENT / DISCRIMINATION / HOSTILE WORK ENVIRONMENT** [Cal. Gov't Code §12940(j)(1) & (3)] |
| | **2. RETALIATION** [Cal. Gov't Code §12940(h)] |
| | **3. WRONGFUL TERMINATION** [Cal. Gov't Code §12940(a)] |
| | **4. FAILURE TO PREVENT RACIAL HARASSMENT / DISCRIMINATION / HOSTILE WORK ENVIRONMENT** [Cal. Gov't Code §12940(k)] |

COMES NOW Plaintiff, TIM TADASHI NAKAMURA, and alleges against the

Defendants, VICTOR JAIME and IMPERIAL COMMUNITY COLLEGE DISTRICT, and

each of them, as to the following:

1

## THE PARTIES

1.     Plaintiff TIM TADASHI NAKAMURA (hereinafter referred to as "Plaintiff") was, at all times mentioned in this complaint, an employee of IMPERIAL COMMUNITY COLLEGE DISTRICT (hereinafter referred to as "DISTRICT") at IMPERIAL VALLEY COLLEGE (hereinafter referred to as "IVC"), and a resident of Riverside County, California.   At all times material herein, Plaintiff was employed as the Director of Campus Safety/Security at IVC.   As described further below, he was later laid off, purportedly due to lack of work/lack of funds, on January 12, 2015.

2.     Defendant VICTOR JAIME (hereinafter referred to as "JAIME") is, and at all times mentioned in this complaint, was an employee of DISTRICT at IVC and a resident of Imperial County, California.   At all times material herein, JAIME is and was employed as the Superintendent/President of IVC.   In such position, JAIME was a managing agent of DISTRICT and IVC, and a superior to Plaintiff.

3.     Defendant DISTRICT is currently comprised of one community college, located in Imperial County, State of California.   At all times relevant hereto, it was a legally constituted public college school district and body incorporated pursuant to the California Education Code.   Defendant IVC is the two-year community college within the DISTRICT.

4.     Plaintiff does not know the true names and capacities of the Defendants sued herein as Does 1 through 20, inclusive, and therefore, Plaintiff sues those Defendants by such fictitious names.   Plaintiff will amend this complaint to allege their names and capacities when ascertained.   Plaintiff is informed and believes and thereon alleges that each fictitiously named Defendant is responsible in some manner for the occurrences alleged herein.

FIRST-AMENDED COMPLAINT FOR DAMAGES

5.     Each Defendant is sued as the agent and/or employee of each other acting in the course and scope of such employment or, alternatively, acting beyond the course and scope of their authority.   Without waiving the alternative pleading, reference in this complaint to these Defendants' capacity will be within the course and scope of their authority.   Reference made in this complaint to "Defendant" shall be deemed to mean the acts of Defendants acting individually, jointly and/or severally.

## OTHER PERSONS RELEVANT TO GENERAL ALLEGATIONS

6.     LOUIS WONG ("WONG") is, and at all times mentioned in this Complaint, was the Trustee of Area 1 of DISTRICT at IVC and a resident of Imperial County, California.

7.     KARLA A SIGMOND ("SIGMOND") is, and at all times mentioned in this Complaint, was the Trustee of Area 2 of DISTRICT at IVC and a resident of Imperial County, California.

8.     JERRY D. HART ("HART") is, and at all times mentioned in this Complaint, was the Trustee of Area 3 of DISTRICT at IVC and a resident of Imperial County, California.

9.     RUDY CARDENAS, JR. ("CARDENAS") is, and at all times mentioned in this Complaint, was the Trustee of Area 4 of DISTRICT at IVC and a resident of Imperial County, California.

10.     JUANITA SALAS ("SALAS") is, and at all times mentioned in this Complaint, was the Trustee of Area 5 of DISTRICT at IVC and a resident of Riverside County, California.

11.     ROMUNALDO J. MEDINA ("MEDINA") is, and at all times mentioned in this Complaint, was the Trustee of Area 6 of DISTRICT at IVC and a resident of Imperial

County, California.

12.     STEVEN M. TAYLOR ("TAYLOR") is, and at all times mentioned in this Complaint, was the Trustee of Area 7 of DISTRICT at IVC and a resident of Imperial County, California.

13.     JOHN LAU ("LAU") is, and at all times mentioned in this Complaint, was an employee of DISTRICT at IVC and a resident of Imperial County, California.   At all times material herein, LAU is and was the Vice President of Business Services, Plaintiff's direct supervisor.

## FACTS APPLICABLE TO ALL CAUSES OF ACTION

14.     Until his lay off as of January 12, 2015, Plaintiff served DISTRICT at IVC from October 26, 2009 as the Director of Campus Safety/Security.   He had never received a negative evaluation until a work related incident on or after January 23, 2014.

15.     From that incident, JAIME attempted to give a highly unfair and substantial punishment to Plaintiff that was motivated primarily because of Plaintiff's minority status as a Japanese American.   Plaintiff is aware of only one other Asian employee at IVC.

16.     Plaintiff requested a hearing before the DISTRICT's Board of Trustees, who overturned JAIME's proposed punishment on April 16, 2014.   Immediately after this decision, JAIME initiated a campaign of retaliation against Plaintiff.   Such retaliatory conduct was designed to hamper Plaintiff's job performance, damage his personal and professional reputation and/or cause him to resign.

17.     Specifically, JAIME harassed, discriminated, and created a hostile work environment for Plaintiff by treating him much differently than he had in the past.   For example, JAIME ostracized him in meetings and on campus; and kept Plaintiff "out of the loop" on work issues that Plaintiff should have been made aware of.   Plaintiff became

aware of JAIME's change in his spoken tone of voice to Plaintiff, and change in behavior and attitude around Plaintiff that was meant to make him felt demeaned, ostracized and harassed that caused Plaintiff to suffer mental and emotional anxiety.

18.     JAIME's conduct caused Plaintiff to be subjected to a hostile environment based on his race because Plaintiff had successfully challenged a proposed punishment that JAIME sought to have Plaintiff receive.   As a result, Plaintiff was regularly in fear of his employment.   He felt degraded, humiliated and oppressed by JAIME's conduct and was hampered in his ability to perform his duties as the Director of Campus Safety/ Security.   During this time, Plaintiff was warned against complaining about JAIME because it would just get Plaintiff fired.

19.     On or before November 12, 2014, in retaliation for Plaintiff's challenging JAIME's proposed punishment from the January 2014 incident which was overturned by the DISTRICT's Board of Trustees, JAIME devised a plan to have Plaintiff laid off from his job for alleged "Lack of Work/Lack of Funds".   On November 12, 2014, Plaintiff received a Notification of Layoff even though the DISTRICT's Board of Trustees had not even voted on the matter.   (A true and correct copy of said Notification of Layoff is attached as Exhibit "A".)

20.     A week later on November 19, 2014, the DISTRICT's Board of Trustees was finally presented with the proposed lay off of Plaintiff from his job.   Despite the existing college policy of IVC in notifying the employee who was subject to a potential lay off that he could attend the Trustees' Board Meeting when the actual decision would be made, JAIME intentionally failed to notify Plaintiff of his right to appear.

21.     At the meeting on November 19, 2014, when the proposed lay off for Plaintiff finally came up on the Board of Trustees' agenda for a decision, Trustee CARDENAS first asked, "What happened to the employee, he left?"   In response, JAIME prodded LAU to

advise the Board it was a reorganization of Plaintiff's department.   Trustee SALAS then inquired if the reorganization was due to a lack of work.   JAIME advised, "No."   That reason directly contradicted the "Lack of Work/Lack of Funds" that Plaintiff had previously been advised in writing about his lay off a week earlier.

22.   After additional questions by Trustee CARDENAS at the meeting on November 19, 2014, JAIME made the following numerous intentionally false statements in support of Plaintiff being laid off:

a.)   "We have been in discussion with this with" Plaintiff "for about a year now."

b.)   Plaintiff "is in full support of this."

c.)   Plaintiff "actually doesn't live here, he lives in Cathedral City."

d.)   Plaintiff's "a finalist in a position over there."

e.)   "So" Plaintiff's "moving forward over there."

f.)   "So" Plaintiff's "family and everybody is over there."

g.)   "It's very difficult for" Plaintiff "to be here in the evening hours."

h.)   "So we're providing" Plaintiff "the opportunity to leave."

(An unofficial transcript of the audio recording of the November 19, 2014 Board of Trustees' Meeting concerning the subject agenda item is attached as Exhibit "B".)

23.   Following these knowingly false statements by JAIME to the Board of Trustees, the Board then voted in favor of Plaintiff's lay off from DISTRICT and IVC with Trustees WONG, SIGMOND, HART, CARDENAS, and MEDINA voting in the affirmative. Trustee SALAS abstained, and Trustee TAYLOR was not present at the meeting.

24.   Thereafter on December 17, 2014, Plaintiff attended the following month's Board of Trustees' Meeting and was allowed to speak at the beginning of the meeting in the public comment portion concerning his lay off.   Plaintiff advised the Board, with all members present, of the actions by JAIME and the false statements made about Plaintiff.

At that meeting of December 17, 2014, the Board chose not to take any action to reconsider its earlier lay off decision of November 19, 2014 concerning Plaintiff.

25. On January 12, 2015, Plaintiff's employment with DISTRICT at IVC ended. At his exit interview, Plaintiff was again given a written notice that his lay off was due to "Lack of Work/Lack of Funds."   (A true and correct copy of said Termination of Employment is attached as Exhibit "C".)

26. As a result of Defendants' conduct, Plaintiff became emotionally distressed, suffering severe headaches, insomnia, and other conditions associated with stress, anxiety and depression.   Plaintiff has also suffered harm to his professional and personal reputation and financial loss and has been incurred substantial attorney fees and costs to assert his legal rights.

27. On or after January 12, 2015, Plaintiff is informed and believes that the duties of his former position are still being performed by persons newly hired to replace Plaintiff at a higher cost to the DISTRICT as when it was paying Plaintiff to perform said duties.   Thus, DISTRICT's purported "Lack of Work/Lack of Funds" reasons for his lay off were merely pre-textual and untrue.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

28. On February 10, 2015, Plaintiff filed a Charge of Discrimination / Harassment / Retaliation with the California Department of Fair Employment and Housing against all Defendants.   On that same date, the DFEH issued a right to sue letter to him. (A true and correct copy of said letter is attached as Exhibit "D".)

29. On or about February 24, 2015, Plaintiff sent a Government Tort Claim to DISTRICT and IVC, regarding the discrimination, harassment and retaliation he had experienced to that date.

30.     DISTRICT and IVC responded to Plaintiff's Government Tort Claim on

March 19, 2015 rejecting Plaintiff's claim.   (A true and correct copy of said rejection notice

is attached as Exhibit "E".)

31.     Pursuant to case law of the State of California, no further exhaustion of any

administrative remedy is required with regard to Plaintiff's causes of action contained

herein.

### FIRST CAUSE OF ACTION
### RACIAL HARASSMENT / DISCRIMINATION / HOSTILE WORK ENVIRONMENT
### (AGAINST ALL DEFENDANTS)

32.     Each of the above paragraphs contained in this Complaint are hereby

incorporated by reference at this point as if set forth herein in full at length.

33.     This action is brought pursuant to the California Fair Employment

and Practices Act, **§12940(j)(1) & (3)** of the **California Government Code**, which

prohibits harassment against a person on the basis of the person's race, color,

and national origin and the corresponding regulations of the California Fair Employment

and Housing Commission which prohibits discrimination against a person on the basis of

the person's race, color, religion, sex and national origin.

34.     At all times mentioned in this complaint, DISTRICT and IVC regularly

employed at least five employees bringing them within the provisions of **§12940 et seq.** of

the **California Government Code** prohibiting employers or their agents from harassment

against employees on the basis of race, color, and national origin.

35.     During Plaintiff's employment as alleged herein, Plaintiff was harassed,

discriminated, and made to endure a hostile work environment by JAIME because of his

Japanese American descent.   Said conduct was offensive and constituted severe and

pervasive racial harassment and/or discrimination.

36.     Plaintiff alleges that the conduct of JAIME as described in this Complaint was unwelcome and offensive to him and would have been offensive to any reasonable employee.   DISTRICT and IVC knew or should have known of the harassment of Plaintiff and the hostile environment created by JAIME.

37.     Plaintiff did not consent to such conduct.

38.     Plaintiff was warned against complaining about the offensive actions, as there would be no adequate remedial action forthcoming from DISTRICT and IVC since JAIME was said Defendants' Superintendent/President.   Furthermore, before the harassment occurred, DISTRICT and IVC failed to take all reasonable steps to prevent such harassment from occurring.   As JAIME was a managing agent for DISTRICT and IVC, and a superior of Plaintiff, such conduct was done in the course and scope of his employment with DISTRICT and IVC.   DISTRICT and IVC are strictly liable for his conduct.

39.     As a direct and proximate result of JAIME's unlawful conduct as alleged in this Complaint, Plaintiff has suffered extreme and severe anguish, humiliation, nervousness, anger, tension, anxiety and emotional distress.   As a direct and proximate result of the wrongful acts of DISTRICT, IVC, and JAIME, as described herein, Plaintiff was harmed in that he suffered humiliation, mental anguish, anxiety and emotional and physical distress and has been injured in mind and body.   As a result of such harassment and consequential harm, Plaintiff has suffered such damages in an amount according to proof.

40.     As a further direct and proximate result of the unlawful conduct described herein, Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity and other losses.   As a direct and proximate result of the wrongful conduct of DISTRICT, IVC, and JAIME as described herein, Plaintiff has suffered

damage to his professional and personal reputation, suffered a loss of pay and benefits, and additional amounts had he not been harassed. As a result of the harassment and consequential harm, Plaintiff has suffered such damages in an amount according to proof.

41. Because Plaintiff was discriminated on the basis of his race, color or national origin, he is entitled to recover his attorney's fees and costs in this action pursuant to **California Government Code, §12965(b).**

42. As a result of Defendants actions, Plaintiff has been generally damaged in an amount within the jurisdictional limits of this court.

WHEREFORE, Plaintiff prays for relief from Defendants as follows:

1. For general and compensatory damages according to proof;

2. For special damages according to proof;

3. For attorney's fees pursuant to **California Government Code, §§ 12940 and 12965(b);**

4. For costs of suit incurred herein pursuant to **California Government Code, §§ 12940 and 12965(b);** and

5. For such other and further relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
### RETALIATION
### (AGAINST ALL DEFENDANTS)

43. Each of the above paragraphs contained in this Complaint are hereby incorporated by reference at this point as if set forth herein in full at length.

44. This action is brought pursuant to the California Fair Employment and Practices Act, **§12940(h)** of the **California Government Code,** which prohibits an employer from discharging, expelling or otherwise discriminating against any person because the person has opposed any practice forbidden under **California Government**

**Code, §12940 et seq**. and/or the corresponding regulations of the California Fair Employment and Housing Commission.

45. As more fully set forth herein, Plaintiff complained of JAIME's proposed punishment of April 2014 concerning his actions taken during the scope of his employment at DISTRICT and IVC. After JAIME's proposed punishment was overturned by the Board of Trustees on April 16, 2014, JAIME began to create a hostile work environment for Plaintiff. DISTRICT and IVC failed to take any action to resolve said problems created by JAIME.

46. In further response to Plaintiff's successful challenge of JAIME's proposed punishment of April 2014, Plaintiff was subjected to retaliation by JAIME for his opposition as described more fully above and was ultimately terminated under false pretenses. As JAIME was a managing agent for DISTRICT and IVC, and a superior of Plaintiff, such conduct was done in the course and scope of his employment with DISTRICT and IVC. DISTRICT and IVC are strictly liable for his conduct.

47. As a direct and proximate result of JAIME's unlawful conduct as alleged in this Complaint, Plaintiff has suffered extreme and severe anguish, humiliation, nervousness, anger, tension, anxiety and emotional distress. As a direct and proximate result of the wrongful acts of DISTRICT, IVC, and JAIME, as described herein, Plaintiff was harmed in that he suffered humiliation, mental anguish, anxiety and emotional and physical distress and has been injured in mind and body. As a result of such harassment and consequential harm, Plaintiff has suffered such damages in an amount according to proof.

48. As a further direct and proximate result of the unlawful conduct described herein, Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity and other losses. As a direct and proximate result of the

wrongful conduct of DISTRICT, IVC, and JAIME as described herein, Plaintiff has suffered

damage to his professional and personal reputation, suffered a loss of pay and benefits,

and additional amounts had he not been harassed.   As a result of the harassment and

consequential harm, Plaintiff has suffered such damages in an amount according to proof.

49.     Because Plaintiff was retaliated against for complaining about JAIME's

proposed punishment concerning his actions taken during the scope of his employment at

DISTRICT and IVC, he is entitled to recover his attorney's fees and costs in this action

pursuant to **California Government Code, §12965(b).**

WHEREFORE, Plaintiff prays for relief from Defendants as follows:

1.     For general and compensatory damages according to proof;

2.     For special damages according to proof;

3.     For attorney's fees pursuant to **California Government Code, §§ 12940 and 12965(b);**

4.     For costs of suit incurred herein pursuant to **California Government Code, §§ 12940 and 12965(b); and**

5.     For such other and further relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION
### WRONGFUL TERMINATION
### (AGAINST DEFENDANTS DISTRICT AND IVC)

50.     Each of the above paragraphs contained in this Complaint are hereby

incorporated by reference at this point as if set forth herein in full at length.

51.     Plaintiff maintains his termination was wrongful because he was ultimately

terminated as an employee of DISTRICT at IVC for complaining of JAIME's proposed

punishment of April 2014 concerning his actions taken during the scope of his employment

at DISTRICT and IVC.   Thereafter, JAIME took action to have DISTRICT and IVC

terminate Plaintiff's employment for reasons that are different from those provided to Plaintiff in writing.

52.   DISTRICT and IVC failed to take any action to resolve these violations created by JAIME after they were brought to their attention by Plaintiff at the December 17, 2014 Board of Trustees' Meeting.   As JAIME was a managing agent for DISTRICT and IVC, and a superior of Plaintiff, such conduct was done in the course and scope of his employment with DISTRICT and IVC.

53.   Termination for such a reason violates the fundamental well-established public policy of the State of California as set forth in **California Government Code, §12940(a),** and the corresponding administrative regulations of the Fair Employment and Housing Act, and **Article I, §8** of the **Constitution of the State of California.**

54.   As a direct and proximate result of JAIME's unlawful conduct as alleged in this Complaint, Plaintiff has suffered extreme and severe anguish, humiliation, nervousness, anger, tension, anxiety and emotional distress.  As a direct and proximate result of the wrongful acts of DISTRICT, IVC, and JAIME, as described herein, Plaintiff was harmed in that he suffered humiliation, mental anguish, anxiety and emotional and physical distress and has been injured in mind and body.   As a result of such harassment and consequential harm, Plaintiff has suffered such damages in an amount according to proof.

55.   As a further direct and proximate result of the unlawful conduct described herein, Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity and other losses.   As a direct and proximate result of the wrongful conduct of DISTRICT, IVC, and JAIME as described herein, Plaintiff has suffered damage to his professional and personal reputation, suffered a loss of pay and benefits, and additional amounts had he not been harassed.   As a result of the harassment and

consequential harm, Plaintiff has suffered such damages in an amount according to proof.

WHEREFORE, Plaintiff prays for relief from Defendants as follows:

1.   For general and compensatory damages according to proof;

2.   For special damages according to proof;

3.   For costs of suit incurred herein; and

4.   For such other and further relief as the Court deems just and proper.

### FOURTH CAUSE OF ACTION
### FAILURE TO PREVENT RACIAL HARASSMENT / DISCRIMINATION / HOSTILE WORK ENVIRONMENT
### (AGAINST DEFENDANTS DISTRICT AND IVC)

56.   Each of the above paragraphs contained in this Complaint are hereby incorporated by reference at this point as if set forth herein in full at length.

57.   This action is brought pursuant to California Fair Employment and Practices Act, **§12940(k)** of the **California Government Code**, which prohibits an employer from failing to take all reasonable steps necessary to prevent harassment, discrimination, hostile work environment, and retaliation from occurring and the corresponding regulations of the California Fair Employment and Housing Commission.

58.   Defendants DISTRICT and IVC have an obligation and a duty to take reasonable steps to prevent workplace harassment and discrimination from occurring. Said Defendants have a further duty to take immediate and appropriate corrective action once they know or should have known of the harassment and discrimination.

59.   Defendants DISTRICT and IVC failed to take all reasonable steps necessary to prevent the harassment, discrimination, hostile work environment, and retaliation from occurring by failing to follow the FEHA in its employment decisions as these decisions impacted the Plaintiff.

60.    Defendants DISTRICT and IVC failed to give Plaintiff the opportunity to continue his employment without being subjected to offensive conduct because of race, and without being subjected to retaliatory acts for opposing such illegal practices.

61.    Defendants DISTRICT and IVC failed to properly respond to complaints about harassment, discrimination, hostile work environment, and retaliation, failed to conduct an appropriate investigation into complaints, failed to take any steps to prevent retaliation, failed to monitor its employees after complaints of unlawful employment practices were made, failed to adequately train its employees and supervisors about sexual harassment, failed to maintain sufficient policies prohibiting racial harassment, failed to maintain effective complaint procedures, failed to maintain the confidentiality of complaining employees and failed to otherwise take all reasonable steps necessary to prevent harassment, discrimination, hostile work environment, and retaliation from occurring.

62.    Defendants DISTRICT and IVC failed to take any action to resolve these violations created by JAIME after they were brought to their attention by Plaintiff at the December 17, 2014 Board of Trustees' Meeting.   As JAIME was a managing agent for DISTRICT and IVC, and a superior of Plaintiff, such conduct was done in the course and scope of his employment with DISTRICT and IVC.   DISTRICT and IVC are strictly liable for his conduct.

63.    Defendants DISTRICT and IVC knew or should have known of the harassment and discrimination.   The harassment and discrimination was open and publicly performed.   DISTRICT and IVC failed to investigate the harassment and discrimination, or adequately remedy the situation.

64.    Defendants DISTRICT and IVC have not been appropriately reprimanded JAIME for the harassment and discrimination of the Plaintiff and for the failure to prevent

and stop the harassment and discrimination.

65.     As a direct and proximate result of JAIME's unlawful conduct as alleged in this Complaint, Plaintiff has suffered extreme and severe anguish, humiliation, nervousness, anger, tension, anxiety and emotional distress.  As a direct and proximate result of the wrongful acts of DISTRICT, IVC, and JAIME, as described herein, Plaintiff was harmed in that he suffered humiliation, mental anguish, anxiety and emotional and physical distress and has been injured in mind and body.   As a result of such harassment and consequential harm, Plaintiff has suffered such damages in an amount according to proof.

66.     As a further direct and proximate result of the unlawful conduct described herein, Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity and other losses.   As a direct and proximate result of the wrongful conduct of DISTRICT, IVC, and JAIME as described herein, Plaintiff has suffered damage to his professional and personal reputation, suffered a loss of pay and benefits, and additional amounts had he not been harassed.   As a result of the harassment and consequential harm, Plaintiff has suffered such damages in an amount according to proof.

67.     Because Defendants failed to take all reasonable steps necessary to prevent harassment, discrimination, hostile work environment, and retaliation from occurring, Plaintiff is entitled to recover his attorney's fees and costs in this action pursuant to **California Government Code §12965(b).**

WHEREFORE, Plaintiff prays for relief from Defendants as follows:

1.     For general and compensatory damages according to proof;

2.     For special damages according to proof;

3.     For attorney's fees pursuant to **California Government Code, §§ 12940 and 12965(b);**

FIRST-AMENDED COMPLAINT FOR DAMAGES

4.     For costs of suit incurred herein pursuant to **California Government Code, §§ 12940 and 12965(b); and**

5.     For such other and further relief as the Court deems just and proper.

DATED:   June ⟨29⟩, 2015                    LAW OFFICES OF DAVID W. OSBORNE

DAVID W. OSBORNE, ESQ.
Attorney for Plaintiff
TIM TADASHI NAKAMURA

## VERIFICATION

I, TIM TADASHI NAKAMURA, am the Plaintiff in the above-entitled action.

I have read the foregoing First-Amended Complaint and know the contents thereof.   The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED:   June _29_, 2015

_____

TIM TADASHI NAKAMURA, Declarant

# EXHIBIT "A"



# IMPERIAL VALLEY COLLEGE

HUMAN RESOURCES OFFICE
P.O. Box 158 Imperial, CA 92251
(760) 355-6212   Fax (760) 355-6211

*PERSONALLY DELIVERED TO TIM NAKAMURA ON NOVEMBER 12, 2014*

November 12, 2014

Tim Tadashi Nakamura
Director of Campus Safety/Security
78513 San Marino Court
La Quinta, CA 92253

**Re:   Notification of Layoff**

Pursuant to Article 12 (Layoffs) of the Classified Management and Confidential Agreement (CMCA Handbook) and applicable Education Code Sections, we regret to inform you that the position you hold as Director of Campus Safety/Security, full-time (65% District funded; 35% Categorically funded), Range 2, on the Classified Management salary schedule is being eliminated due to lack of funds or lack of work. Your layoff is effective 60 calendar days from this notice **January 12, 2015.**

During the layoff process, the District is required to follow the layoff procedures outlined in the current CMCA Handbook and applicable local, state and federal statutes.   In accordance with the Education Code and the CMCA Handbook, you may be able to exercise one (1) of the following options in lieu of layoff.

Those options are outlined as follows:

1. Displace the least senior employee in the same classification or in a lower included classification in which case they shall become an effected reassigned employee;

2. Retire under provisions of the laws and regulations pertaining to retirement under PERS; or

3. Apply for any vacant position in the District for which they are qualified.

Attached please find an *Employee Response Form*, the purpose of which is to notify the District of the option you will select.  Please complete the form, sign, and date and return it to me within five (5) days of receipt of this notice.

**Health and Welfare Insurance and Unemployment Benefits**

In accordance with Article 12, Section G, of the CMCA Handbook, laid off employees are entitled to receive health and welfare insurance benefits for up to (3) months following the date of layoff.

The Employee Assistance Program (EAP), including limited Legal and Financial Services are available to all current employees and their family members through the Holman Group. The District has arranged to continue EAP benefits past the layoff date. EAP services will continue to be available to you until **April 30, 2015.**

The EAP program is confidential and is available 24 hours a day, seven days a week. You are encouraged to consider using their services if you feel the need. Their phone number is 1-800-321-2843; you may also visit their website at www.holmangroup.com

Laid off employees may file for unemployment insurance benefits with the California Employment Development Department (EDD). For information regarding unemployment benefits and eligibility, please contact the local EDD office at (760) 339-2722. Information regarding job search and career training may be obtained by contacting the local EDD-One Stop Career Center at (760) 337-5000.

We wish you every success in locating a new position and extend our thanks and appreciation for the work that you have done for the District.

Sincerely,

Shawn Larry
Chief Human Resources Officer

Cc:   John Lau, VP for Administrative Services
      Victor Jaime, Superintendent/President
      Personnel File


Enclosure:
Employee Response Form
EDD - California's Programs for the Unemployed handbook
Employee Assistance Program (EAP) and Legal and Financial Services brochures

# EXHIBIT "B"

# UNOFFICIAL TRANSCRIPT
## FOR REGULAR MEETING OF THE
## IMPERIAL COMMUNITY COLLEGE DISTRICT
## BOARD OF TRUSTEES
## (RESOLUTION 16251)

**Karla Sigmond:**      14.4 for Resolution of 16251 elimination of classified management position.

**Louis Wong:**      I move on this one

**Karla Sigmond:**      We have a Motion by Trustee Wong.  A second?

**Romualdo J. Medina:**      Second

**Karla Sigmond:**      Second by Trustee Medina.

**Karla Sigmond:**      Discussion?

**Juanita Salas:**      This is the elimination?

**Victor Jaime:**      Yes

**Rudy Cardenas, Jr:**      What happened to the employee, he left?

**Victor Jaime:**      John.

**John Lau:**      It's a re-org. The department, I think Victor will want to talk more to it.  Basically that department is going to be re-organized and so the structure of that department is going to change. The position that is being eliminated now won't be filled it's going to be staffed in a different way.

**Juanita Salas:**      And it's because of lack of work?

**Victor Jaime:**          No, it's a re-org before this position was added this position really came from a different position and it reorg'd into that way.  This position use to be the evening collage dean position when it was refilled after vacancy it was shifted from that into parking and security. Prior to all of that the responsibilities of directing that area fell on one of our administrators and so I'm shifting that back to the administrator in charge. We're going to have additional needs in the management and I don't want to increase management by any additional staffing, so this is basically one part of the reorg.

**Juanita Salas:**          But with the re-org how's that gonna, I mean are we going to have campus safety and security?

**Victor Jaime:**          You will have campus security and safety and parking control all as we have always had it and we'll have coverage in that area, but it will be administered under the previous administrator which is the dean of student affairs.

**Rudy Cardenas, Jr:**          So it's a re-alignment ?

**Victor Jaime:**          It's a re-alignment like it used to be.

**Karla Sigmond:**          Discussion

**Rudy Cardenas, Jr:**          I have a question just to clarify the re-alignment is that a process or does there have to be some type of communication with a bargaining unit?

**Victor Jaime:**          There is no bargaining unit this is management, strictly management so it's not a process.

**Rudy Cardenas, Jr:**          Who's in the position now?

**Victor Jaime:**          Tim Nakamura…. And just so you know we have been in discussion with this with Tim for about a year now and he is in full support of this. He actually doesn't live here, he lives in Cathedral City and he's a finalist in a position over

there. So he's moving forward over there. So his family and everybody is over there so and its very difficult for him to be here in the evening hours. So we're providing him the opportunity to...reorganize the administration structure.

**Rudy Cardenas, Jr:**      So Tim is not going to be in this position

**Victor Jaime:**      No

**Rudy Cardenas, Jr:**      Who's taking over are you going advertise that...

**Victor Jaime:**      We are not going to advertise the position, that positon didn't exist before Tim Nakamura and so Tim Nakamura really replaced an evening dean that was not in security and so we want to go back to the model we had before, which we would have our current administration over seeing that campus security, so it would still be fully functional day and night and actually on weekends as well.

**Karla Sigmond:**      Ok. Alright.

**Male Voice:**      I think give it to him.

**Karla Sigmond:**      All in favor?

**Group:**      "I"

**Karla Sigmond:**      Opposed?

**Karla Sigmond:**      Abstentions?

**Juanita Salas:**      One abstention.

**Karla Sigmond:**      Ok, Motion carries

UNOFFICIAL TRANSCRIPT FOR REGULAR MEETING OF THE IMPERIAL COMMUNITY COLLEGE DISTRICT BOARD OF TRUSTEES (RESOLUTION 16251)

# EXHIBIT "C"

# IMPERIAL COMMUNITY COLLEGE DISTRICT
## RESIGNATION/TERMINATION OF EMPLOYMENT
### CLASSIFIED EMPLOYEE

NAME                              Nakamura  T Timothy

                                      Last          First          Intial

SOCIAL SECURITY            XXX-XX- 7376

JOB CLASSIFICATION        Director of Campus Safety/Security

EMPLOYMENT STATUS  ☐     Management          ☐ Confidential              ◼ Regular

HIRE DATE:  10/26/2009          LAST DAY OF WORK 1/12/2015

DATE RESIGNED: _____          RETIRED _____          TERMINATED 1/12/2015

EXPLANATION: _____     Layoff due to lack of work/lack of funds

---

EMPLOYEE HOURLY RATE OF PAY          Exempt

| | | | |
|---|---|---|---|
| COMP TIME PAYOUT: | 0.00 (hours) | Dollar Amount | $0.00 |
| VACATION TIME PAYOUT: | 0.00 (hours) | Dollar Amount | $0.00 |
| HOLIDAY PAYOUT: | 0.00 (hours) | Dollar Amount | $0.00 |
| | | **TOTAL PAID** | **$0.00** |

** For additional work hours pleaser refer to attached timesheets

TOTAL SICK LEAVE HRS TRANSFERRED TO CALPERS:          444.6

Submitted to IVC Payroll for ICOE Submission on          _____

I certify under penalty of perjury the above is correct.

_____          1/12/2015
Employee Signature                                                   Date

_____          _____
Employer Signature                                                   Date
IMPERIAL COMMUNITY COLLEGE
School District

Cc: Business Office

# EXHIBIT "D"

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758          ACTING DIRECTOR ANNMARIE BILLOTTI
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

# AMENDED

January 06, 2015

RE:  **Notice to Complainant or Complainant's Attorney**
DFEH Matter Number: 422290-141138-R
Right to Sue: Nakamura / Victor Jaime Imperial Valley Community College District

Dear Complainant or Complainant's Attorney:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing
Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue. Pursuant to Government Code section 12962, DFEH will not serve
these documents on the employer.  You or your attorney must serve the complaint.  If you do not
have an attorney, you must serve the complaint yourself. Please refer to the attached Notice of
Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of
California.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets
procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    ACTING DIRECTOR ANNMARIE BILLOTTI
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

# AMENDED

January 06, 2015

RE:  **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 422290-141138-R
Right to Sue: Nakamura / Victor Jaime Imperial Valley Community College District

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of
Fair Employment and Housing (DFEH) in accordance with Government Code section 12960.
This constitutes service of the complaint pursuant to Government Code section 12962. The
complainant has requested an authorization to file a lawsuit. This case is not being investigated
by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to
Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                      GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                     ACTING DIRECTOR ANNMARIE BILLOTTI
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

# AMENDED

January 06, 2015

Timothy Nakamura
80530 Virginia Ave
Indio California 92201

RE:  Notice of Case Closure and Right to Sue
DFEH Matter Number: 422290-141138-R
Right to Sue: Nakamura / Victor Jaime Imperial Valley Community College District

Dear Timothy Nakamura,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective January 06, 2015 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                     GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                     ACTING DIRECTOR ANNMARIE BILLOTTI
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

**AMENDED**

Enclosures

cc: Imperial Valley College

# COMPLAINT OF EMPLOYMENT DISCRIMINATION

## BEFORE THE STATE OF CALIFORNIA

## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of                    DFEH No. 422290-141138-R
Timothy Nakamura, Complainant.
80530 Virginia Ave
Indio California 92201

vs.

Victor Jaime  Imperial Valley Community College
District Respondent.
380 East Aten Road
Imperial,  California 92251

Complainant alleges:

1. Respondent **Imperial Valley Community College District** is a **Public College/University** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).  Complainant believes respondent is subject to the FEHA.

2. On or around **January 05, 2015,** complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Harassment, Retaliation Laid-off,** .  Complainant believes respondent committed these actions because of their: **Race, Other Retaliation.**

3. Complainant **Timothy Nakamura** resides in the City of **Indio,** State of **California.**  If complaint includes co-respondents please see below.

-5-
*Complaint – DFEH No. 422290-141138-R*

DFEH 902-1

Date Filed: January 06, 2015

Date Amended: February 10, 2015

1

**Co-Respondents:**
Imperial Valley College

380 East Aten Road
Imperial  California 92251

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

-6-

*Complaint – DFEH No. 422290-141138-R*

DFEH 902-1

Date Filed: January 06, 2015

Date Amended: February 10, 2015

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

**Additional Complaint Details:**

Due to a previous work related incident that occurred in January 2014, I was unfairly given a substantial punishment that I believe was due to my minority status as a Japanese American. This was later overturned by a Board of Trustees. Since then, the Superintendent/President of the Imperial Valley College District has created a hostile work environment causing me mental and emotional anxiety. Recently, the Superintendent/President made untrue remarks regarding my position that has led me to receive a layoff notice for my position.

DFEH 902-1

-7-

*Complaint – DFEH No. 422290-141138-R*

Date Filed: January 06, 2015

Date Amended: February 10, 2015

1

## VERIFICATION

2   I, **Timothy Nakamura**, am the Complainant in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters

3   which are therein alleged on information and belief, and as to those matters, I believe it to be true.

4   On January 06, 2015, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

5                                                                                      **Indio, California**

6                                                                                      **Timothy Nakamura**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

DFEH 902-1

-8-

*Complaint – DFEH No. 422290-141138-R*

Date Filed: January 06, 2015

Date Amended: February 10, 2015

EXHIBIT "E"



**IMPERIAL VALLEY COLLEGE**
*Serving Imperial County*
PO Box 158, Imperial, CA 92251-0158   760.355.6219

Phone 760.355.6219
Fax 760.355.6461
www.imperial.edu

Imperial Community College District
Board of Trustees
Jerry D. Hart
Karla A. Sigmond
Rudy Cardenas, Jr.
Romualdo J. Medina
Steven M. Taylor
Louis Wong
Juanita Salas

Superintendent/President
Victor M. Jalme, Ed.D.
victor.jalme@imperial.edu

March 19, 2015

Tim Tadashi Nakamura
c/o David W. Osborne, Esq.
4050 Airport Centre Drive, Suite H
Palm Springs, CA 92264-1216

| | | |
|---|---|---|
| RE: | Board Action: | **Rejection of Claim** |
| | Location: | **Imperial Valley College** |
| | DOL: | **1-12-2015** |
| | Claimant: | **Tim Tadashi Nakamura** |

Dear Mr. Nakamura:

Notice is hereby given that the claim which you presented to Imperial Valley College on February 24, 2015 was rejected in its entirety on March 18, 2015.

***WARNING***

Subject to certain exceptions, you have only six (6) months from the date this notice was personally delivered or deposited in the United States Mail to file a court action on this claim.  (See Government Code 945.6).

You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.

Very truly yours,
Imperial Community College District

Victor M. Jaime, Ed.D.
Superintendent/President

**PROOF OF SERVICE**

I am employed in the County of Riverside, State of California and over the age of eighteen years.  I am not a party to the within action.  My business address is 4050 Airport Centre Drive, Suite H, Palm Springs, CA 92264-1216.

On **July 3, 2015**, I served:

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF THE COMPLAINT; DECLARATION OF DAVID W. OSBORNE**

on all interested parties by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid, addressed as follows:

HON. MARILYN L. HUFF
333 West Broadway, Suite 1510
Courtroom 15A
San Diego, CA 92101

MARTIN L. CARPENTER, ESQ.
DAVID G. TORRES-SIEGRIST, ESQ
CARPENTER, ROTHANS & DUMONT
888 S. Figueroa Street, Suite 1960
Los Angeles, CA 90017

**[X]**    (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Palm Springs, California.

**[ ]**    (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**[X]**    (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 3, 2015, at Palm Springs, California.

SHANDA L. FRASER